UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Michael Alonza Rufus, # 482019,<br>*fka* Michael Alonza Rufus, # 99284-071,<br><br>                                 Plaintiff,<br><br>vs.<br><br>Walton County Detention Center;<br>Wade Harris,<br><br>                                Defendants.<br>_____ | C/A No. 6:11-1105-TLW-KFM<br><br><br><br><br>**Report and Recommendation** |

Plaintiff is a pre-trial detainee at the Walton County Jail in Monroe, Georgia, having been arrested on Interstate 20 in Walton County, Georgia, on March 1, 2011, and charged with possession of a weapon and possession/manufacture of a controlled substance (http://www.waltoncountyga.org/Sheriff/jailrosterframes.htm [last visited on May 11, 2011]). He has filed the above-captioned case in this court, seeking relief for alleged constitutional violations against the Walton County detention Center and Wade Harris.

The "lead" defendant — the Walton County Detention Center — is a group of buildings or a facility. Inanimate objects – such as buildings, facilities, and grounds – do not act under color of state law. Hence, the Walton County Detention Center is not a "person" subject to suit under 42 U.S.C. § 1983. *See Allison v. California Adult Authority*, 419 F.2d 822, 823 (9th Cir. 1969) (California Adult Authority and San Quentin Prison not "person[s]" subject to suit under 42 U.S.C. § 1983); *Preval v. Reno*, 57 F. Supp. 2d 307, 310 (E.D. Va. 1999) ("[T]he Piedmont Regional Jail is not a 'person,' and therefore not amenable to suit under 42 U.S.C. § 1983."); and *Brooks v. Pembroke City Jail*, 722 F. Supp. 1294, 1301 (E.D.N.C. 1989) ("Claims under § 1983 are directed at 'persons' and

the jail is not a person amenable to suit."), which are cited in *Jones v. Lexington County Detention Center*, 586 F. Supp. 2d 444, 451 (D.S.C. 2008).  *Cf. Roach v. West Virginia Regional Jail and Correctional Facility*, 74 F.3d 46, 48 (4th Cir. 1996).

Even so, Plaintiff's claims are against Wade Harris (an official of the Walton County Detention Center) may be facially cognizable.  Nonetheless, Defendants are not reachable by process issued by this Court or under South Carolina's long-arm statute, S.C. Code Ann. § 36-2-801, *et seq.  See White v. Stephens*, 387 S.E.2d 260, 262-64 (S.C. 1990); and *State v. NV Sumatra Trading Co.*, 666 S.E.2d 218 (S.C. 2008).  Moreover, Defendants have no "minimum contacts" with South Carolina to permit a constitutionally-permissible assertion of personal jurisdiction by a South Carolina court over them.  *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 288-99 (1980).

Walton County is in the Athens Division of the Middle District of Georgia.  28 U.S.C. § 90(b)(1).  The United States District Court for the Middle District of Georgia clearly has personal jurisdiction over Defendants.  Hence, the above-captioned case should be transferred to the Athens Division of the United States District Court for the Middle District of Georgia.

### *RECOMMENDATION*

It is recommended that this District Court transfer the above-captioned case to the Athens Division of the United States District Court for the Middle District of Georgia.  Plaintiff's attention is directed to the important notice on the next page.

May 19, 2011                                              s/Kevin F. McDonald
Greenville, South Carolina                       United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

Plaintiff is advised that he may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Larry W. Propes, Clerk of Court**
> **United States District Court**
> **300 East Washington Street — Room 239**
> **Greenville, South Carolina 29601**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).